‘’T,HIS bill in equity' stated that Huson was a purchaser, for - value of a. bond given by Waller to Arthur Waller, and sued in the county court of Halifax, in the name of A. Waller, and obtained a verdict.. Waller, the defendant, appealed, an<j *332 gave Pittman for surety in the appeal bond. The plaintiff obtained judgment in the Superior court, and took out a seij'a, upon the appeal bond, against Pitman. Upon examination of the bond it appeared there was omitted out of it, the claus'e obliging the surety to pay the debt &c. whereupon he was discharged by a judgment of the court. The plaintiff then filed this bill, and stated the omission, and that it was by mistake that defendant understood he was bound to pay the principal debt when he entered into the bond, in case of a judgment against his principal; and that he had gotten from Waller, the defendant, an indemnity. The plaintiff’s counsel observing that the mistake had been denied, said he would rest his case upon that circumstance alone; and said the difference was this ; where a bond was given by a surety, as the parties intended it to be, but by a subsequent event the surety became discharged at law, he will not be charged in equity ; but where by mistake or unskilfulness of the drawer, the bond is drawn not according to the understanding of the parties, and thereby the plaintiff is disabled to recover, equity on account of the mistake, will relieve. He cited 1 Atk. 32. Ch. Rep. 99. 2 Wash. 141. E contra was cited Ch. C. 125, stated also at the end of Francis’s Maxims.
The court took time to consider of the cases, and on the last day of the term, decreed for the plaintiff, upon the ground of mistake in drawing the bond ; and the court held that the plaintiff need only prove a valuable, not an adequate consideration to entitle himself in equity.